IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RACHEL B. MCCOLLISTER,**          3:11-CV-01514-BR

    **Plaintiff,**                OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

    **Defendant.**

**LISA R. J. PORTER**
KP Law LLC
16200 S.W. Pacific Highway
Suite H-280
Portland, OR 97224
(503) 245-6309

    Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER


**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**ROBERTA G. BOWIE**
Special Assistant United States Attorney
Social Security Administration
1301 Young Street
Suite A702
Dallas, TX 75202-4117
(214) 767-4183

      Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Rachel B. McCollister seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on June 19, 2007, alleging a disability onset date of June 5, 2007. Tr. 131, 37.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 3,

---

[1] Citations to the official transcript of record filed by the Commissioner on May 7, 2012, are referred to as "Tr."

2009. Tr. 49-95. At the hearing Plaintiff was represented by an attorney. Plaintiff, an interpreter, and a vocational expert (VE) testified.

The ALJ issued a decision on March 27, 2010, in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 27-43. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on October 20, 2011, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on May 17, 1956, and was 53 years old at the time of the hearing. Tr. 53. Plaintiff completed high school. Tr. 55. Plaintiff has past relevant work experience as a janitor and injection-molding assembler. Tr. 39.

Plaintiff alleges disability due to a mood disorder, anxiety, carpal-tunnel syndrome, and a sleep disorder. Tr. 32.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 36-38.

## STANDARDS

The initial burden of proof rests on the claimant to

3 - OPINION AND ORDER

establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving

4 - OPINION AND ORDER

ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner

5 - OPINION AND ORDER

determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite hier limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged June 5, 2007, onset date.  Tr. 32.

At Step Two, the ALJ found Plaintiff has the severe impairments of a mood disorder, anxiety, and a history of carpal-tunnel syndrome.  Tr. 32.  The ALJ found Plaintiff's alleged impairment of a sleep disorder is nonsevere.  Tr. 32.

7 - OPINION AND ORDER

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 33. The ALJ found Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b). Tr. 34. The ALJ found Plaintiff can occasionally lift and/or carry 20 pounds and frequently lift and/or carry ten pounds; stand/walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; frequently handle objects with her left hand; and occasionally crouch and crawl. Tr. 34. Plaintiff must never use ladders, ropes, or scaffolds or "engage in forceful pushing or pulling with her left upper extremity." Tr. 34. The ALJ found Plaintiff "is restricted to simple, routine, repetitive work involving minimal contact with the public and an environment involving few changes." Tr. 34.

At Step Four, the ALJ found Plaintiff is capable of performing her past relevant work as a janitor. Tr. 39. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to find at Step Two that Plaintiff's sleep disorder is severe, (2) improperly rejected Plaintiff's testimony, (3) failed to comply with the requirements of SSR 96-8P, and (4) relied on an

8 - OPINION AND ORDER

incomplete hypothetical to the VE.

**I.  The alleged error by the ALJ at Step Two was harmless.**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

As noted, the ALJ found Plaintiff has the severe impairments of mood disorder, anxiety, and a history of carpal-tunnel syndrome. Plaintiff, however, asserts the ALJ erred at Step Two when she did not find Plaintiff's alleged impairment of a sleep disorder is severe.

The Ninth Circuit has held when the ALJ has resolved Step

9 - OPINION AND ORDER

Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor). Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify another alleged impairment as severe is harmless.

**II. The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when she failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742,

10 - OPINION AND ORDER

750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff has "underlying medical conditions that could reasonably result in the symptoms she alleges if she failed to follow her medical regimen or attempted to exceed her residual functional capacity." Tr. 36. The ALJ, however, found Plaintiff's "allegations as to the intensity, persistence and limiting effects of her symptoms are disproportionate and not supported by the objective medical findings or any other corroborating evidence." Tr. 36. The ALJ pointed out that Plaintiff's examining psychologist noted in August 2007 that Plaintiff had "difficulty giving direct answers about her symptoms, and may be exaggerating her symptoms." Tr. 36, 264. Similarly, in August 2009 Plaintiff's treating physician Weitian Liu, M.D., noted he "doubt[ed]" the "accuracy" of Plaintiff's report that "all of the food [she] eat[s] causes allergic reaction." Tr. 408.

The ALJ noted Plaintiff received treatment for her symptoms, but "the treatment has been essentially routine and/or conservative in nature, and has been generally successful in controlling [her] symptoms." Tr. 36. For example, in July 2007

11 - OPINION AND ORDER

Plaintiff's treating physician Christine Arthur, M.D., noted Plaintiff did not follow Dr. Arthur's recommendations with respect to her alleged sleep disorder, was "vague and nonresponsive to many detailed questions, [and] was not willing to try new methods [of treatment]." Tr. 244.

The ALJ also noted even though Plaintiff alleges disabling pain and mental-health symptoms, the record reflects Plaintiff continued to work for several years after her June 2007 alleged onset date. Tr. 32, 37, 56-60, 138-43, 40, 597, 655-56, 660, 795-96.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony not entirely credible as to the intensity, persistence, and limiting effects of her conditions. The Court, therefore, concludes the ALJ did not err when she rejected Plaintiff's testimony in part.

**III. The ALJ did not fail to comply with SSR 96-8p.**

Plaintiff contends the ALJ erred when she evaluated Plaintiff's RFC because she failed to discuss Plaintiff's ability to work on a regular and sustained basis as required by SSR 96-8p.

Social Security Regulation 96-8p provides in relevant part:

> Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must

12 - OPINION AND ORDER

> include a discussion of the individual's abilities
> on that basis.  A "regular and continuing basis"
> means 8 hours a day, for 5 days a week, or an
> equivalent work schedule. . . .  RFC is assessed
> by adjudicators at each level of the admini-
> strative review process based on all of the
> relevant evidence in the case record, including
> information about the individual's symptoms and
> any "medical source statements"--i.e., opinions
> about what the individual can still do despite his
> or her impairment(s) – submitted by an
> individual's treating source or other acceptable
> medical sources.

SSR 96-8p, at *2 (footnotes omitted).

In *Widman v. Astrue*, 302 F. App'x. 744, 747–48 (9th Cir. 2008), the Ninth Circuit concluded the ALJ properly accounted for the plaintiff's inability to work eight hours per day for five days per week when he determined how many hours the plaintiff could be expected to stand and to walk and identified plaintiff's RFC as the most the plaintiff could do.  The court held the "ALJ need not conduct a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record."  *Id*. at 748 (quotation omitted).

Here the ALJ addressed the extent of plaintiff's ability to work in the context of an eight-hour work day and concluded it was the most she could do.  Tr. 34.  In addition, the ALJ addressed in her determination various psychological evaluations of Plaintiff as well as the Psychiatric Review Technique Form (PRTF).  Moreover, Plaintiff's alleged limitations were based on subjective complaints that the ALJ properly determined to be not

13 - OPINION AND ORDER

credible, and the vocational expert testified the individuals in the ALJ's hypothetical would be able to find employment. Tr. 90-91.

On this record the Court concludes the ALJ did not fail to comply with the requirements of SSR 96-8p.

**IV. The ALJ's hypothetical to the VE was complete.**

Finally, Plaintiff contends the ALJ's hypothetical to the VE was inadequate because it did not contain all of Plaintiff's work-related limitations. Because the Court has concluded the ALJ did not err in her assessment of Plaintiff's RFC, the Court also finds the ALJ's hypothetical to the VE was not erroneous.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 9th day of January, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER